## Magistrates and Notaries in Military Service

RUTTER, Deputy Attorney General, August 25, 1942. —You have requested us to advise you whether Formal Opinion No. 376, dated December 9, 1940, 1939-40 Op. Atty. Gen. 479, is still the opinion of this department. The conclusions of said opinion are as follow:

"1. Conscription for, or voluntary enlistment in, the armed forces of the United States during the present emergency will not affect the status of a person holding a commission as a justice of the peace within this Commonwealth provided, however, such person intends, upon the termination of his service with the United States, to resume the duties of his office in the district for which he was elected.

"2. Conscription for, or voluntary enlistment in, the armed forces of the United States during the present emergency will not affect the status of a person holding a commission as a notary public within this Commonwealth provided, however, such person intends, upon the

termination of his service with the United States, to resume the duties of his office in the district for which he was commissioned."

Article XII, sec. 2, of the Constitution of the Commonwealth of Pennsylvania provides as follows:

"No member of Congress from this State, nor any person holding or exercising any office or appointment of trust or profit under the United States, shall at the same time hold or exercise any office in this State to which a salary, fees or perquisites shall be attached."

In Commonwealth ex rel. v. Smith, 343 Pa. 446 (1942), decided after our foregoing opinion was rendered, the Supreme Court of Pennsylvania held that a major in the United States Army holds and exercises an office of trust or profit under the United States within the meaning of article XII, sec. 2, supra. In our Formal Opinion No. 424, dated May 29, 1942, we held that a lieutenant-colonel in the United States Army also holds such an office.

In Formal Opinion No. 429, dated July 15, 1942, we advised you that one individual could not hold a commission as a colonel in the United States Army and at the same time hold the office of prothonotary, clerk of the court of quarter sessions, clerk of the court of oyer and terminer, and clerk of the orphans' court of McKean County.

The question at once arises whether it makes any difference if an individual who holds or exercises an office in this Commonwealth to which a salary, fees, or perquisites are attached, holds or exercises an office or appointment of trust or profit under the United States merely by becoming a member of the military forces of the United States, or whether such individual does not exercise an office or appointment under the United States in the military forces thereof unless he is a commissioned officer in such forces. By the Act of May 15, 1874, P. L. 186, 65 PS §1, the General Assembly indicated that the aforementioned difference in rank was

immaterial. In section 1 of said act it said in part as follows:

"That every person who shall hold any office, or appointment of profit or trust, under the government of the United States, *whether a commissioned officer or otherwise,* a subordinate officer or agent, who is or shall be employed under the legislative, executive or judiciary departments of the United States, . . . is hereby declared to be incapable of holding or exercising, at the same time, the office or appointment of justice of the peace, notary public, . . . under this commonwealth." (Italics supplied.)

However, the Act of 1874 was amended July 2, 1941, P. L. 231, so that it now reads as follows:

"That every person who shall hold any office, or appointment of profit or trust, under the government of the United States, whether an officer, a subordinate officer or agent, who is or shall be employed under the legislative, executive or judiciary departments of the United States, and also every member of congress, is hereby declared to be incapable of holding or exercising, at the same time, the office or appointment of justice of the peace, notary public, mayor, recorder, burgess or alderman of any city, corporate town or borough, resident physician of the lazaretto, constable, judge, inspector or clerk of election under this commonwealth: Provided, however, That the provisions hereof shall not apply to any person who shall enlist, enroll or be called or drafted into the active military or naval service of the United States or any branch or unit thereof during any war or emergency as hereinafter defined."

It will be noted at once that the words "whether a commissioned officer or otherwise" have been supplanted by the words "whether an officer". This indicates a clear intention on the part of the legislature to eliminate persons in the military who are not officers; and by the term "officers", as commonly understood,

we understand that the legislature meant commissioned officers. The proviso above quoted, from the Act of 1941, removes all doubt as to what the General Assembly had in mind in the subject legislation. This proviso, interpreted literally, would eliminate all members of the armed forces of the United States, whether commissioned officers or otherwise, from the incompatibility provisions of the legislation.

However, as we said in Formal Opinion No. 424, supra, "no act of assembly could avoid the express mandate of the Constitution." In short, if our Constitution provides, as it does, that no person may hold or exercise an office of trust or profit under the United States while holding or exercising an office under this Commonwealth to which a salary, fees, or perquisites are attached, and the Supreme Court has decided, as it has, that a commissioned officer in the military forces of the United States holds an office of trust or profit under the United States, no act of the legislature can alter the situation.

The foregoing would appear to return us to the question posed above, namely, does the matter of rank make any difference? The legislature has indicated that it does. The courts have not yet had their say, except with relation to commissioned officers, as hereinbefore indicated. We doubt whether the courts will declare that anyone in the military forces of the United States not a commissioned officer therein holds an office or appointment of trust or profit under the United States. A common-sense view of the situation would seem to be that a soldier or sailor below the rank of commissioned officer was not intended to be embraced within article XII, sec. 2, of our Constitution. Our conclusion that an individual does not come within the constitutional prohibition unless he is a commissioned officer has the support of the Attorney General of Illinois. In an opinion dated May 7, 1942, that official ruled that, unless the person involved was a commissioned officer, a provision

of the Constitution of Illinois, similar to article XII, sec. 2, of ours, was not applicable.

In Commonwealth ex rel. v. Binns, 17 S. & R. 219 (1828), cited in Formal Opinion No. 376, supra, the court was discussing article II, sec. 8, of the Constitution of the Commonwealth of 1790, which provided that no member of Congress from this State nor any person holding or exercising any office of trust or profit under the United States should at the same time hold or exercise any office in the State to which a salary is by law annexed or any other office which the legislature might declare incompatible with the offices or appointments under the United States, and the Act of February 12, 1802, P. L. 37, as supplemented by the Act of March 6, 1812, P. L. 85, which legislation was the precursor of the Act of 1874, as amended by the Act of 1941, supra. The Act of 1802 contained the words "Whether a commissioned officer or otherwise". Rogers, J., in a dissent wherein Gibson, C. J., concurred, at page 234 of 17 S. & R., said:

"Every office is an appointment or employment, but it does not follow that every appointment is an office. They are not convertible terms. . . . The disqualification created by the eighteenth section of the first article of the constitution, extends to a person holding an office. It does not in terms embrace the case of a person who holds an appointment merely; . . . That the word appointment is sometimes used as synonymous with office, is admitted; but it is submitted, that it is not so to be understood in the section now under review."

It does not, however, follow from the foregoing that Formal Opinion No. 376, supra, must be modified to accord with the views herein expressed, or its scope accordingly narrowed. That opinion does not apply to commissioned officers; it relates to enlisted men only.

We do not discuss herein the nature of the office of justice of the peace or notary public for the reason that we did so fully in the opinions herein cited. We need

only say that both of such offices are offices in this Commonwealth to which a salary, fees, or perquisites are attached.

It is our opinion, therefore, and you are accordingly advised, that:

1. Induction into the active military service of the United States, whether voluntary or otherwise, does not affect the status of a person holding a commission as a justice of the peace within this Commonwealth provided such person is not inducted as or does not become a commissioned officer of such forces.

2. Induction into the active military service of the United States, whether voluntary or otherwise, does not affect the status of a person holding a commission as a notary public within this Commonwealth provided such person is not inducted as or does not become a commissioned officer in such forces.